```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JOHN H. COOK                                CIVIL ACTION

VERSUS                                      NO: 06-10770

JERRY BADEAUX                               SECTION: "R"(3)
```

### ORDER AND REASONS

Before the Court is plaintiff's second motion for default judgment.  For the following reasons, the Court DENIES the motion.

### I.   BACKGROUND

Plaintiff, John Cook, sued defendant, Jerry Badeaux, on December 5, 2006.  According to plaintiff's complaint, he was driving in the French Quarter at 12:30 a.m. on February 9, 2005, Ash Wednesday, when the defendant "attacked the plaintiff's vehicle" and "attempted to pull the guest passenger from the vehicle." (Compl. ¶ 3).  Plaintiff alleges that, fearing for his

safety, he then "displayed his pistol which was pointed towards the roof inside his vehicle" and told the defendant to "back off," which the defendant did. (*Id.* ¶ 7). Police officers then ordered plaintiff and his passenger out of the vehicle and placed plaintiff under arrest for aggravated assault and driving under the influence. (*Id.* ¶ 8, 12). Plaintiff alleges that defendant continued to harass him after he had been placed under arrest. Plaintiff was then taken to jail and incarcerated for three days before he posted bond. (*Id.* ¶ 10). While in jail, plaintiff was also charged with possession of marihuana, after finding a marihuana cigarette butt in his orange jumpsuit. (*Id.* ¶ 11). The Orleans Parish district attorney's office dropped the aggravated assault charges on May 11, 2006. (*See* R. Doc. 20-2) (court records of state entering a nolle prosequi on the aggravated assault charges).

Plaintiff served defendant on January 9, 2007. Defendant did not answer the complaint, and the Clerk of Court granted plaintiff's motion for entry of default. (R. Doc. 6). Plaintiff then moved for a default judgment, seeking $76,750 in damages, plus interest and costs: $60,400 in general damages; $15,000 in attorneys' fees; and $600 for the loss of his pistol and holster. On December 14, 2007, the Court denied plaintiff's motion for entry of default judgment. The Court found that plaintiff's

claims for false imprisonment and defamation were prescribed and that plaintiff's other allegations were either without merit or not supported by any evidence.

Plaintiff now moves again for a default judgment. Plaintiff contends that Badeaux's conduct amounted to malicious prosecution. Plaintiff further seeks $65,000 in damages for physical and mental pain and suffering, as well as legal expenses.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a default judgment may be entered against a party when it fails to plead or otherwise respond to a complaint within the required time period. FED. R. CIV. P. 55. The Fifth Circuit has held, however, that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). "In fact, default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id*. (citation and internal quotation omitted); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). If a plaintiff's factual allegations, accepted as true, cannot establish liability against the defendant, a court does

not abuse its discretion by refusing to enter a default judgment. *Lewis*, 236 F.3d at 767.

**III. DISCUSSION**

An action for malicious prosecution requires: (1) the commencement or continuance of a criminal proceeding; (2) its legal causation by the present defendant against the plaintiff, who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceedings; (5) the presence of malice therein; and (6) damages. *Hibernia National Bank v. Bolleter*, 390 So.2d 842, 843 (La. 1980) (citing *Robinson v. Goudchaux's*, 307 So.2d 287, 289 (La. 1975)). Actions for malicious prosecution are disfavored; thus, only the grossest negligence or arbitrary and capricious conduct will support a claim of malicious prosecution. *See Kennedy v. Sheriff of East Baton Rouge*, 935 So.2d 669 (La. 2006) ("Never favored in our law, a malicious prosecution action must clearly establish that the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent."); *Kelly v. West Cash & Carry Bldg. Materials Store*, 745 So.2d 743, 761 (La. App. 1999) ("actions for malicious prosecution have never been favored"); *Johnson v. Pearce*, 313 So.2d 812, 816 (La.

4

1975) (holding that only the most arbitrary conduct will support a claim of malicious prosecution). Because at the very least there is no evidence of either malice or absence of probable cause, the Court finds that a default judgement on plaintiff's claim for malicious prosecution is improper.

**A.   Probable Cause**

"The crucial determination in regard to the absence of probable cause is whether the defendants had an honest and reasonable belief in the allegations they made." *Kelly*, 745 So.2d at 761. In *Bristow v. Messer*, 336 So.2d 44 (La. App. 1976), another malicious prosecution case, the Louisiana Second Circuit Court of Appeals found probable cause existed for defendants to summon the police and make allegations leading to the plaintiff's arrest after plaintiff kicked or pitched defendants' trash can into their driveway. *Id.* at 45. The court found that defendants acted with probable cause because "certain facts existed or, at least, were honestly felt to exist by defendants," who conveyed the facts to police officers who then arrested the plaintiff. *Id.* at 46.

Here, although the defendant may have instigated the incident by attacking plaintiff's car and provoking him to draw his gun, it was not unreasonable for defendant to then report to the police that a man in a vehicle early on Ash Wednesday was

displaying a weapon. It was the police officers who then arrested plaintiff. The plaintiff admits that he "displayed his pistol" and demanded that the defendant "back off." Therefore defendant not only had probable cause to report that someone had threatened him with a weapon, but plaintiff himself admits these events.

**B.   Malice**

An individual acts maliciously by making a charge with knowledge that it is false of with reckless disregard for whether it is false or not. *Bristow*, 336 So.2d at 46. In *Bristow*, the court did not find that the defendants acted with malice after signing an affidavit complaining that the plaintiff kicked their trash can, which led to her arrest. *Id*. at 46. Even though the facts indicated a history of animosity between the plaintiff and the defendants, the court noted that one of the defendants personally observed the plaintiff's actions and that it was "not totally unreasonable for defendants to resort to the police." *Id*.

Here, plaintiff has made no attempt to establish that defendant acted with reckless disregard for the truth, or that what he told the police was inaccurate. The plaintiff has only stated that: (1) the defendant threatened him, (2) he displayed a pistol and told the defendant to "back off," (3) the police arrested him and charged him with aggravated assault, and (4) the

defendant accosted him while handcuffed. Even accepting plaintiff's version of the facts as true, there is no evidence of defendant's malice in reporting to the police the events that resulted in plaintiff being charged with aggravated assault.

With respect to the other two charges, because plaintiff fails to establish any facts which indicate that defendant made statements to the police which resulted in plaintiff's arrest for possession of marihuana or operating a vehicle while intoxicated, the defendant could not have acted maliciously. As there is no evidence that defendant acted with malice or without probable cause, plaintiff's claim for malicious prosecution cannot stand. *See Melius v. Keiffer*, 980 So.2d 167 (La. Ct. App. 2008).

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's second motion for entry of default judgment is DENIED.

New Orleans, Louisiana, this  3rd  day of July, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT